## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MCS INDUSTRIES, INC.** : | **CIVIL ACTION** |
| 2280 Newlins Mill Road : | |
| Easton, Pennsylvania 18045 : | |
| : | Case No. 2:26-cv-1263 |
| *Plaintiff* : | |
| : | **JURY TRIAL DEMANDED** |
| v. : | |
| : | |
| **COLUMBIA FRAME, INC.** : | |
| 6251 Notre-Dame St. East, Montreal, Quebec : | |
| H1N 3R9, Canada : | |
| : | |
| : | |
| : | |
| *Defendant* : | |
| : | |
| : | |

## COMPLAINT

Plaintiff, MCS Industries, Inc. ("MCS"), by and through its counsel, hereby files this Complaint for patent infringement against Defendant Columbia Frame, Inc. ("Columbia"). In support thereof, MCS avers the following:

## PARTIES

1.       Plaintiff, MCS, is a corporation existing under the laws of the State of Delaware, with its principal place of business located at 2280 Newlins Mill Road, Easton, Pennsylvania 18045.

2.       Defendant, Columbia Frame, Inc. ("Columbia") is a Canadian corporation with its principal place of business located at 6251 Notre-Dame St. East, Montreal, Quebec H1N 3R9, Canada. Columbia may be served with process at its principal place of business and/or in accordance with applicable international service procedures.

## JURISDICTION AND VENUE

3.      This action arises under the Patent Laws of the United States, specifically Title 35 of the United States Code.

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(c)(3) because Columbia is a defendant not resident in the United States and therefore may be sued in any judicial district.

6.      This Court has personal jurisdiction over Columbia because, upon information and belief, Columbia has transacted business and otherwise conducted sales activities in this District and has committed, contributed to, and induced acts of patent infringement in this District, including without limitation having the Accused Product (as defined below) shipped to, sold in, and used in this District.  Evidence of Columbia's activities in this District is exemplified by the fact that, on February 4, 2026, the Accused Product was being offered for sale at the Walmart Supercenter located at 3722 Easton Nazareth Hwy, Easton, Pennsylvania 18045, which is located within this District.  A receipt evidencing the purchase of Accused product from the aforementioned Walmart Supercenter in this District on February 4, 2026 is attached hereto as Exhibit A.  In the alternative, and to the extent Columbia contends it is not subject to personal jurisdiction in any state's courts of general jurisdiction, this Court has personal jurisdiction over Columbia pursuant to Fed. R. Civ. P. 4(k)(2).

## FACTS

7.      MCS is the owner of United States Patent No. 12,408,772 (hereinafter "the '772 Patent"), which covers an over-the-door mirror hanging apparatus.

8.      On September 9, 2025, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '772 Patent. A copy of the '772 Patent is attached hereto as Exhibit B.

9.      MCS owns all right, title, and interest in and to the '772 Patent.

10.     MCS is in the business of designing, developing, manufacturing, and selling frames and other hanging products, including over-the-door mirror products that embody the inventions claimed in the '772 Patent. MCS considers its over-the-door mirror products a signature product line and has invested substantial resources in developing such products and protecting the same, including through the '772 Patent.

11.     Defendant, Columbia, is a developer, manufacturer, and supplier of home décor products, including over-the-door mirror products. Upon information and belief, Columbia has made, had made, used, offered for sale, sold, and/or imported into the United States (and/or caused to be imported into the United States) over-the-door mirror products, sold under the brand name Mainstays, that infringe the '772 Patent (herein, the "Accused Product"). A photograph of an example of an Accused Product is attached hereto as Exhibit C.

12.     Columbia has not sought nor obtained a license under the '772 Patent and is not authorized or permitted to make, have made, use, offer for sale, sell, import into the United States, and/or cause to be imported, made, used, offered for sale, or sold into the United States any product that embodies the inventions claimed in the '772 Patent.

13.     By a letter dated September 17, 2025, MCS provided Columbia with written notice of the '772 Patent and the infringement of the '772 Patent by the Accused Product, and demanded that Columbia immediately discontinue all infringing activities involving the Accused Product in the United States. A true and correct copy of MCS's cease-and-desist letter is attached hereto as Exhibit D.

14.     In response, on October 1, 2025, Columbia, through counsel, acknowledged receipt of MCS's cease-and-desist letter of September 17, 2025.

15.     Upon information and belief, despite being notified of the '772 Patent and MCS's infringement allegations, Columbia continued to offer for sale, sell, and import the Accused Product, and to cause and facilitate third parties to sell, import, use, make, or have made the Accused Product, in the United States.

16.     In view of the foregoing, Columbia's infringement is knowing and willful at least since receiving notice of the '772 Patent, and Columbia's infringing conduct has damaged, and continues to damage, MCS.

17.     The '772 Patent is one patent in a large family of patents owned by MCS directed to over-the-door mirror technology (the "OTD Patent Family").  Shortly after the issuance of the first patent in the OTD Patent Family in 2013, MCS has been in a continuous enforcement battle against infringements, a large number of which have been driven by foreign entities supplying to retailers in the United States that try to capitalize on the quick money of a seasonal product.  Thus, MCS has been continuously obtaining new patents, including the '772 Patent, in an effort to protect its business against continually evolving attempts by infringers to displace MCS in the marketplace.  With this in mind, this is not the first time MCS has been forced to confront Columbia regarding infringement of the OTD Patent Family.  In 2013, MCS instituted a lawsuit against Big Lots, Inc. in this District, Case No. 13-cv-06753-JLS, for infringement of U.S. Patent No. 8,534,627 (the first patent issued in the OTD Patent Family).  Columbia was the supplier of the infringing product to Big Lots, Inc.  On February 28, 2014, Columbia and MCS entered into a Settlement Agreement resolving Case No. 13-cv-06753-JLS, a copy of which is attached hereto as Exhibit E.

18.    MCS now seeks relief from this Court as more fully discussed below.

## COUNT I
## DIRECT INFRINGEMENT OF US PATENT NO. 12,408,772

19.    The allegations of paragraphs 1-18 are incorporated as fully set forth.

20.    Upon information and belief, Columbia has made, had made, used, offered for sale, sold, and/or imported into the United States (and/or caused to be imported into the United States) the Accused Product, which embodies the invention of Claim 11 of the '772 Patent. *See* the '772 Claim Chart attached hereto as Exhibit F, which provides a detailed demonstration of how the Accused Product reads on the inventions claimed in the '772 Patent.

21.    Through its aforesaid acts of making, having made, using, offering for sale, selling, and/or importing into the United States, Columbia has directly infringed and continues to directly infringe one or more claims of the '772 Patent under 35 U.S.C. § 271(a) and will continue to do so unless enjoined by this Court.

22.    Columbia has written notice of its infringement of the '772 Patent at least since September 17, 2025, and at least by service of this Complaint.

23.    As a result of the aforesaid acts, Columbia has damaged, and is continuing to damage, MCS.

24.    As described more fully herein, Columbia is deliberately and willfully infringing the '772 Patent with full knowledge of the '772 Patent, rendering this case "exceptional" under 35 U.S.C. § 285.

25.    MCS has suffered monetary damages as a result of the infringing actions of Columbia with respect to the '772 Patent.

26.    MCS has suffered and continues to suffer irreparable harm, for which there may be no adequate remedy at law, unless enjoined by this Court.

27.    Upon information and belief, Columbia will continue to infringe the '772 Patent unless enjoined by this Court.

## COUNT II
## INDUCED INFRINGEMENT OF U.S. PATENT NO. 12,408,772

28.    The allegations of paragraphs 1–27 are incorporated as fully set forth herein.

29.    Upon information and belief, Columbia has induced and continues to induce the direct infringement of the '772 Patent by its suppliers, customers, retailers, and end users of the Accused Product by, among other activities: (1) advising, encouraging, facilitating, and intending that its suppliers, customers, and retailers of the Accused Product  sell, offer for sale, supply, ship, and/or import the Accused Product in the United States; and (2) advising, encouraging, facilitating, and intending that end customers of the Accused Product use the Accused Product in the United States.

30.    Upon information and belief, Columbia's actions identified in paragraph 29 are undertaken with the knowledge, intent, and expectation that its suppliers, customers, retailers, and end users of the Accused Product would directly infringe the '772 Patent.

31.    Columbia has had actual notice of the '772 Patent and MCS's infringement allegations at least since September 18, 2025, when Columbia received MCS's cease-and-desist letter (Exhibit D), as confirmed by the FedEx delivery tracking information attached as Exhibit G, and in any event no later than service of this Complaint. A true and correct copy of the FedEx tracking information is attached hereto as Exhibit G.

32.    By continuing the aforesaid acts with knowledge of the '772 Patent and with the specific intent to cause, encourage, and facilitate direct infringement of the '772 Patent in the United States, Columbia is liable for induced infringement under 35 U.S.C. § 271(b).

33.    As a result of the aforesaid acts, Columbia has damaged, and is continuing to damage, MCS.

34.    Upon information and belief, Columbia's induced infringement is deliberate and willful, rendering this case "exceptional" under 35 U.S.C. § 285.

35.    MCS has suffered monetary damages as a result of Columbia's induced infringement of the '772 Patent.

36.    MCS has suffered and continues to suffer irreparable harm, for which there may be no adequate remedy at law, unless enjoined by this Court.

37.    Upon information and belief, Columbia will continue to induce infringement of the '772 Patent unless enjoined by this Court.

## COUNT III
## CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 12,408,772

38.    The allegations of paragraphs 1–37 are incorporated as fully set forth herein.

39.    Upon information and belief, Columbia has contributed, and continues to contribute, to the direct infringement of the '772 Patent by its suppliers, customers, retailers, and/or end users in the United States by, among other things, using, offering for sale, selling, and/or importing into the United States the Accused Product and/or components thereof, including at least the mounting hardware and hanging apparatus, knowing that such product and/or components constitute a material part of the inventions claimed in the '772 Patent and are especially made or especially adapted for use in an infringing manner.

40.    Upon information and belief, the Accused Product and/or the aforesaid components are not staple articles or commodities of commerce suitable for substantial noninfringing use, and have no substantial noninfringing uses because they are specifically designed and provided for use in the manner that infringes one or more claims of the '772 Patent.

41.     Columbia has had actual notice of the '772 Patent and MCS's infringement allegations at least since September 17, 2025, and at least by service of this Complaint.

42.     By continuing the aforesaid acts with knowledge of the '772 Patent and knowledge that the Accused Product and/or its components are especially made or especially adapted for use in an infringing manner and are not suitable for substantial noninfringing use, Columbia is liable for contributory infringement under 35 U.S.C. § 271(c).

43.     As a result of the aforesaid acts, Columbia has damaged, and is continuing to damage, MCS.

44.     Upon information and belief, Columbia's contributory infringement is deliberate and willful, rendering this case "exceptional" under 35 U.S.C. § 285.

45.     MCS has suffered monetary damages as a result of Columbia's contributory infringement of the '772 Patent.

46.     MCS has suffered and continues to suffer irreparable harm, for which there may be no adequate remedy at law, unless enjoined by this Court.

47.     Upon information and belief, Columbia will continue to contribute to infringement of the '772 Patent unless enjoined by this Court.

## DAMAGES AND PERMANENT INJUNCTION

48.     Columbia's infringement of one or more claims of the '772 Patent has damaged and will continue to damage MCS.

49.     MCS seeks an award of damages adequate to compensate it for Columbia's infringement of the '772 Patent, including at least a reasonable royalty, together with pre-judgment and post-judgment interest.

50.     In addition, MCS seeks to permanently enjoin Columbia from infringing the '772 Patent. Columbia's continued making, having made, using, offering for sale, selling, importing

into the United States (and/or causing to be imported into the United States), and otherwise supplying and commercializing the Accused Product has damaged and threatens to further damage the market for MCS's patented over-the-door mirror products, including by eroding prices and impairing MCS's ability to commercialize the inventions claimed in the '772 Patent. Accordingly, if Columbia is not permanently enjoined, MCS will suffer irreparable harm in the form of lost market share, price erosion, harm to goodwill, and other injuries for which there is no adequate remedy at law.

51.    Columbia's continued conduct relating to the Accused Product despite being expressly notified of the '772 Patent and MCS's infringement allegations supports a finding of willfulness. MCS intends to seek discovery on the issue of Columbia's deliberate infringement and reserves all rights to seek a finding of willful conduct regarding Columbia's pre-suit and/or post-suit acts of infringement of the '772 Patent.

52.    MCS seeks that this Court grant: (1) enhanced damages up to treble the amount found or assessed; (2) a declaration that this case is "exceptional" and an award of MCS's reasonable attorneys' fees and costs; and (3) such other relief as this Court deems just and proper.

## JURY DEMAND

MCS hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

## PRAYER FOR RELIEF

As a result of and in light of the foregoing, MCS respectfully requests that the Court find in its favor and against Columbia, and that the Court grant MCS the following relief:

(a)    A judgment in favor of MCS that Columbia has directly infringed the '772 Patent and/or has indirectly infringed the '772 Patent by inducing and/or contributing to direct infringement by others;

(b)    A permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Columbia and its officers, directors, agents, affiliates, employees, parent and subsidiary entities, and all persons in active concert or participation with any of them, from infringing, inducing the infringement of, or contributing to the infringement of the '772 Patent;

(c)    An award to MCS of damages adequate to compensate MCS for Columbia's acts of infringement, together with pre-judgment and post-judgment interest thereon;

(d)    An award of enhanced damages pursuant to 35 U.S.C. § 284;

(e)    A declaration by this Court that this is an exceptional case and an award to MCS of its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

(f)    Any and all further relief that this Court deems just and proper.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

Date: February 26, 2026

*/s/ Kean C. Maynard*

By: _____
    Gavin P. Lentz, Esquire (53609)
    Kean Maynard, Esquire (327794)
    Ryan T. Kirk, Esquire (329492)
    1524 Locust Street
    Philadelphia, PA 19102
    (215) 735-3900
    glentz@bochettoandlentz.com
    kmaynard@bochettoandlentz.com
    rkirk@bochettoandlentz.com
    *Attorneys for Plaintiff*